IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE LXS 2006-18N TRUST FUND,<br><br>    Plaintiffs,<br><br>  v.<br><br>NOUSHIN REZAI,<br><br>    Defendant.<br>_____/ | No. C -12-03737 EDL<br><br>**ORDER REGARDING DEFENDANT'S OCTOBER 1, 2012 FILING** |

    Plaintiff U.S. Bank, National Association, as Trustee for the Certificateholders of the LXS 2006-18N Trust Fund filed a motion to remand this unlawful detainer action to Marin County Superior Court following removal by Defendant Noushin Rezai. Defendant did not file an opposition to Plaintiff's motion. Because the Court lacked subject matter jurisdiction over this matter, the Court issued an order on September 28, 2012 vacating the October 16, 2012 hearing on Plaintiff's motion and granting the motion to remand. The clerk of the court closed the file on September 28, 2012.

    On October 1, 2012, Defendant filed an opposition to the motion to remand, explaining that she did not realize until she visited the Legal Help Center at the federal court on September 21, 2012 that she had missed the deadline for opposing the motion to remand. Defendant states that she suffers from health problems and was unable to adequately participate in this case or prepare a timely opposition. Defendant also argues that the Court should not have remanded this case because the loan foreclosure process was illegal under state and federal law.

    The Court is sympathetic to Defendant's health issues and her status as a pro se litigant. However, as stated in the order granting the motion to remand, a case may be removed pursuant to

28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, the face of the Complaint, which asserted only one state law claim for unlawful detainer, did not provide any ground for removal. To the extent that Defendant believes that the state court action was filed in violation of Defendant's rights under federal law, that issue does not provide a basis for removal.

The hearing on Plaintiff's motion to remand has been vacated and the case has been transferred back to the Marin County Superior Court. The Court will not be holding a hearing on October 16, 2012 in this case.

**IT IS SO ORDERED**.

Dated: October 3, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

2